PER CURIAM.
In this ease this court certified to the supreme court of the United States two questions of law arising upon the facts of the case, which facts, as stated in our certificate, are as follows: “On the 19th day of March, *1005 1891, the said Fourth Street National Bank advanced twenty-five thousand_ dollars ($25,000) in clearing-house gold certificates to the said Keystone National Bank to enable it to meet its debtor balance in the Philadelphia clearing house under these circumstances: On said date Gideon W. Marsh, the president of the Keystone National Bank, acting on its behalf and by its authority, came to the banking room of the said Fourth Street National Bank, in the city of Philadelphia, and there represented to the officials of that bank that the Keystone National Bank owed a balance at the clearing house which it could not meet, because its funds were in the city of New York, and exhibited to them a memorandum showing a balance to the credit of the Keystone National Bank in the Tradesmen’s National Bank of the city of New York of about twenty-seven thousand dollars ($27,000), stating that his bank wished to draw against it and get clearing-house-certificates; and he asked the Fourth Street National Bank to accept the draft of the Keystone National Bank for twenty-five thousand dollars ($25,000) against this ‘reserve account in the New York bank,’—that is to say, against the said fund in the Tradesmen’s National Bank,—and give his bank clearing-house gold certificates therefor. Relying upon these representations of Marsh, and on the faith of his statement; supported by the said memorandum, that the Keystone-National Bank had in the Tradesmen’s National Bank the specified fund against which it proposed to draw, the Fourth Street National Bank gave Marsh, for the-use of the Keystone National Bank, clearing-house gold certificates to the amount of twenty-five thousand dollars ($25,000), and took its draft, of which the following is a copy: ‘Keystone National Bank, No. 5086. Philadelphia, March 19,-1891. Pay to the order of R. H. Rushton, cashier, ($25,000,) twenty-five thousand dollars. John Hayes, Cashier. To the Tradesmen’s National Bank, New York.’ R. H. Rushton was the cashier of the Fourth Street National Bank. The books of the Keystone National Bank show that on the 19th day of March, 1891, it had to its credit in the Tradesmen’s National Bank of the city of New York the sum of twenty-six thousand nine hundred and seven and 32/ioo dollars ($26,907.32), and on the same day an entry was made therein charging against that credit the said draft for twenty-five thousand dollars ($25,000) it had given-to the Fourth Street National Bank. The draft for twenty-five thousand dollars ($25,000) was duly forwarded to New York for collection, and was presented for payment to the Tradesmen’s National Bank on the morning of March 20, 1891. Payment thereof was refused upon the ground that the drawee had not in hand' funds of the drawer sufficient to pay the same. In fact, the Tradesmen’s National Bank had in cash and in collection items (drafts) for the Keystone National Bank the sum of twenty-six thousand nine hundred and seven and 32/ioo dollars-($26,907.32), of which eighteen thousand and fifty-six and 21/ioo dollars i$18,-056.21) were remitted by the latter-named bank to the former on March 19, 1891, and the rest previously. The Tradesmen’s National Bank then had in-hand in cash, to the credit of the Keystone National Bank, the sum of nineteen-thousand seven hundred and twenty-five and 82/ioo dollars ($19,725.62), and' had in addition the said collection items to make up the full sum of twenty-six thousand nine hundred, and seven and S2/i0o dollars ($26,907.32). Afterwardsthis money was paid, and the said collection items or drafts were turned over to Robert M. Yardley, the receiver of the Keystone National Bank, and out of the collection items he realized sixty-one hundred dollars ($6,100), and he thus-had in his hands from this source, when the bill in this ease was filed, the sum-of twenty-five thousand eight hundred and twenty-five and 82/ioo dollars ($25,-825.62) in eash. On the 20th day of March, 1891 (some time during the morning), by the order of the comptroller of the currency of the United States, the-Keystone National Bank was closed, and thereafter Robert M. Yardley was appointed receiver thereof.” The two questions propounded to the supreme court were these: “First. Do the above facts show an equitable assignment by the-Keystone National Bank to the Fourth Street National Bank of twenty-five-thousand dollars of the fund, consisting' of cash and collection items or drafts, as aforesaid, belonging to the Keystone National Bank, in the hands of the-Tradesmen’s National Bank? Second. If the stated facts do not show such equitable assignment of the whole twenty-five thousand dollars, do they show such equitable assignment of the cash so in the hands of the Tradesmen’s National Bank, namely, the sum of nineteen thousand seven hundred and twenty-five and 82/ioo dollars?” We have received from the supreme court of the- *1006 United States its mandate directed to this court, and certifying that it is the opinion of the supreme court that the first question certified to that court must he answered in the affirmative. This affirmative answer to that question is decisive of the controversy between the parties to this appeal, and requires a reversal of the decree of the court below dismissing the bill, and the entry of a decree in favor of the complainant in the bill. Accordingly, the decree of the circuit court is reversed, and the cause is remanded to that court, with directions to enter a decree in favor of the complainant in the bill in conformity with the decision of the supreme court of the United States, as signified by its affirmative answer to the first certified question above set forth.